UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTWAUNE BELL,

      Petitioner,

v.                                  CASE NO. 6:14-cv-90-Orl-31DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

This cause is before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. 7). Petitioner filed a reply to the response (Doc. 14).

Petitioner alleges two claims for relief in his habeas petition. For the following reasons, the Court concludes that Petitioner is entitled to relief on claim one.

## I.    PROCEDURAL HISTORY

Petitioner was charged with burglary of an occupied dwelling (Doc. 8-1 at 14). At trial, victim Gail Calleja ("Calleja") testified that on July 26, 2009, she came home from church at approximately 11:20 a.m. and encountered Petitioner in her home (Doc. 9-3 at 47). Petitioner had not been invited into her home. *Id.* at 48. Petitioner told Calleja to get on the ground; however, Calleja screamed and ran out of the house. *Id.* Calleja stood in the

street and observed Petitioner exit the house, enter his red vehicle, and drive away. *Id.* at 49-50. Calleja later walked around the outside of house and observed gouge marks in a back window and a missing screen. *Id.* at 50-52. Officer Hedengren also observed marks on a window and opined that the marks were made with a screwdriver or similar tool. *Id.* at 96. A screwdriver was found in the grass near the victim's home. *Id.* at 113-15.

Detective Snowden interviewed Petitioner, and Petitioner admitted being in the home. *Id.* at 128, 133. Petitioner told the detective that he was looking for "tree work" and did not break into Calleja's home to steal anything. *Id.* at 133-35. The State also presented evidence that Petitioner previously burglarized Ronald Perry's unoccupied home in October 2008 by prying open a sliding glass door. *Id.* at 145-46, 152, 168-70. In the previous burglary, a red or maroon Ford Explorer was used by Petitioner. *Id.* at 168-69.

The jury convicted Petitioner of burglary of a dwelling (Doc. 9-2 at 4). The trial court sentenced Petitioner to a twenty-year term of imprisonment as a habitual felony offender. *Id.* at 31-32. Petitioner appealed, and the Fifth District Court of Appeal ("DCA") affirmed *per curiam* (Doc. 10-1 at 89).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 10-1 at 93-104). The trial court entered an interim order staying several of the claims and giving Petitioner leave to amend (Doc. 10-2 at 22-23). Petitioner filed an amended Rule 3.850 motion. *Id.* at 28-31. The trial court summarily denied Petitioner's claims (Doc. 10-3 at 61-65). Petitioner appealed, and the Fifth DCA affirmed *per curiam* (Doc. 11-1 at 61).

2

Petitioner subsequently filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. *Id.* at 72-77. The Fifth DCA denied the petition without discussion (Doc. 11-2 at 9).

## II.    LEGAL STANDARDS

### A.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United

> States Supreme Court] on a question of law or if the state court decides a
> case differently than [the United States Supreme Court] has on a set of
> materially indistinguishable facts. Under the 'unreasonable application'
> clause, a federal habeas court may grant the writ if the state court identifies
> the correct governing legal principle from [the United States Supreme
> Court's] decisions but unreasonably applies that principle to the facts of the
> prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Whether a state court's decision was an unreasonable application of law must be assessed

in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per*

*curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not

presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

state court's decision "was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding." A determination of a factual

issue made by a state court, however, shall be presumed correct, and the habeas petitioner

shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.      Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984),

established a two-part test for determining whether a convicted person is entitled to relief

on the ground that his counsel rendered ineffective assistance: (1) whether counsel's

performance was deficient and "fell below an objective standard of reasonableness"; and

(2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

Likewise, it well established that a defendant has the right to effective counsel on

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). Claims of ineffective assistance of appellate counsel are governed by the same standard applied to trial counsel under *Strickland*. *See Sairras v. Fla. Dep't of Corr.*, 496 F. App'x 28, 34 (11th Cir. 2012) (citing *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991)). When evaluating the prejudice prong of *Strickland*, the Court must first review the merits of the omitted claim to determine whether counsel's actions affected the outcome of the appeal. *See Heath*, 941 F.2d at 1132. Counsel's performance will be deemed prejudicial if the Court concludes that "the neglected claim would have a reasonable probability of success on appeal." *Id.*

### III.   ANALYSIS

#### A.   Claim One

Petitioner alleges that the trial court erred by instructing the jury on and listing burglary of a dwelling[2] as a lesser included offense of burglary of an occupied dwelling on the verdict form (Doc. 1 at 6). In support of this claim, Petitioner contends that burglary of a dwelling is not a lesser included offense of burglary of an occupied dwelling, and the crime was therefore improperly included on the verdict form. *Id.* at 6-8. Petitioner states that the jury was misled into believing that they were exercising a jury pardon by convicting him of burglary of a dwelling instead of burglary of an occupied dwelling. *Id.* at 8.

---

[2] The verdict form lists "burglary of a dwelling" as a lesser included offense of burglary of an occupied dwelling. Essentially, the trial court intended burglary of an unoccupied dwelling to be listed as a lesser included offense. *See* Doc. Nos. 9-4 at 46-51; 9-2 at 4.

Respondents argue that the claim was procedurally defaulted in the state court (Doc. 7 at 5-6). Petitioner raised this claim in his Rule 3.850 motion (Doc. 10-1 at 98-99). The trial court found that this claim was procedurally barred because it was not cognizable in a post-conviction proceeding (Doc. 10-3 at 63). The Fifth DCA affirmed *per curiam* (Doc. 11-1 at 61).

A *per curiam* affirmance of a trial court's finding of procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration of the claim by federal courts. *Ferguson v. Sec'y Dep't of Corr.*, 580 F.3d 1183, 1218 (11th Cir. 2009); *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990). "[T]he clear inference to be drawn from the appellate court's per curiam affirmance of the trial court's decision explicitly based on procedural default is that the court accepted not only the judgment but the reasoning of the trial court." *Harmon*, 894 F.2d at 1273. Therefore, the Court will apply the state procedural bar.

Procedural default may be excused only in two narrow circumstances: if a petitioner can show (1) cause and prejudice or (2) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). Petitioner alleges that the procedural default is due to appellate counsel's failure to raise this claim on direct appeal (Doc. 14 at 2-3). A claim of ineffective assistance of appellate counsel can be cause for procedural default if that claim also was exhausted in the state court. *See Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013); *Dowling v. Sec'y for Dep't of Corr.*, 275 F. App'x 846, 847-48 (11th Cir. 2008) (citing *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000)).

7

Petitioner exhausted his claim of ineffective assistance of appellate counsel in the state court by raising it in his petition for writ of habeas corpus (Doc. 11-1 at 74). The Fifth DCA denied the petition without discussion (Doc. 11-2 at 9). Therefore, the Court must examine the merits of Petitioner's claim to determine if appellate counsel's failure to raise this claim was reasonable. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988).

At trial, defense counsel objected to the listing of burglary of a dwelling on the verdict form (Doc. 9-4 at 46). The State argued that although burglary of a dwelling was not technically a lesser included offense of burglary of an occupied dwelling, it could be listed because an argument could be made that the home was unoccupied when Petitioner entered the dwelling. *Id.* at 47. The trial court overruled defense counsel's objection. *Id.* at 51. The trial court instructed the jury that if they determined Petitioner had committed a burglary of a dwelling, they had to also determine whether there was a human being in the dwelling at the time of the offense (Doc. 8-3 at 19). The jury found Petitioner guilty of burglary of a dwelling (Doc. 9-2 at 4).

Petitioner was charged with burglary of an occupied dwelling (Doc. 8-1 at 14). Burglary of a dwelling is not a lesser included offense of burglary of an occupied dwelling. *See* Fla. Std. Jury Instr. (Crim) 13 (noting that the lesser included offenses of burglary of an occupied dwelling are burglary of structure or conveyance, attempted burglary, and trespass). Thus, the trial court erred by instructing the jury on burglary of a dwelling and including the charge on the verdict form.

8

As a result of the trial court's error, Petitioner was convicted of an uncharged crime. Due process principles prohibit conviction for an uncharged crime, and in Florida, such an error is fundamental and warrants reversal. *Morgan v. State*, 146 So. 3d 508, 512 (Fla. 2014); *see also Doty v. State*, 170 So. 3d 731, 743 (Fla. 2015) (stating that in order for an error to be reversible, it must "constitute a fundamental error") (citing *Braddy v. State*, 111 So. 3d 810, 837 (Fla. 2012)). Appellate counsel was therefore deficient for failing to raise this claim on direct appeal and prejudice resulted because the omitted claim would have been successful. Consequently, Petitioner has overcome the state procedural bar, and the Court concludes that he is entitled to relief on this claim.

However, double jeopardy prevents Petitioner from being retried for burglary of an unoccupied dwelling because the jury necessarily acquitted him of that charge when it convicted him of burglary of a dwelling. *See Evans v. Michigan*, 133 S. Ct. 1069, 1074 (2013) (noting the Double Jeopardy Clause prohibits retrial after a defendant is acquitted of a charge); *Delgado v. State*, 948 So. 2d 681, 686 (Fla. 2006) (recognizing that an acquittal on a charge "gives rise to double jeopardy protections") (quoting *Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 (2003)); *Middleton v. State*, 131 So. 3d 815 (Fla. 1st DCA 2014) (stating a jury impliedly acquits a defendant of a greater charge when it convicts a defendant of a lesser included offense). Therefore, Petitioner will be subject to retrial only on the lesser included offenses the jury was instructed on at trial.[3] *See State v. Wilson*, 680

---

[3] The jury was also instructed on attempted burglary of a dwelling, burglary of structure, trespass in an occupied structure, and trespass (Doc. Nos. 8-3 at 18; 9-2 at 4).

So. 2d 411, 412-13 (Fla. 1996); *Harrison v. State*, 15 So. 3d 916, 916-17 (Fla. 1st DCA 2009) (holding that that the appellant's conviction for lewd and lascivious molestation was barred by double jeopardy because he had been acquitted of that charge in the first trial and remanding for retrial only on the lesser included offenses). Accordingly, habeas relief is granted as to this claim.

### B.    Claim Two

Petitioner alleges that the trial court erred by admitting evidence of collateral crimes (Doc. 1 at 12). Petitioner maintains that the State introduced evidence of his commission of a prior burglary despite the fact that this crime was not relevant to prove anything other than his propensity to commit the charged crime. *Id.* at 14. Respondents argue that this claim is unexhausted (Doc. 7 at 5).

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citations omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

Petitioner raised this claim on direct appeal (Doc. 10-1 at 68-74). However, Petitioner did not raise the claim in terms of a federal constitutional violation. *Id.* Therefore, this claim is unexhausted.

The Court is precluded from considering this claim because it would be procedurally defaulted if Petitioner returned to state court. *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden*, 135 F.3d at 736 ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Petitioner could not return to the state court to raise this claim because he has already had a direct appeal.

Petitioner has not shown either cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Accordingly, the Court is barred from reviewing the claim.[4]

---

[4] Alternatively, Petitioner cannot demonstrate that he is entitled to relief on his claim. Petitioner told police that he had no intent to commit a burglary. The admission of the prior burglary was relevant not to prove Petitioner's propensity but to demonstrate intent. *See Tannihill v. State*, 912 So. 2d 2, 3 (Fla. 4th DCA 2005) (affirming the admission of collateral crimes evidence because the evidence was admissible to prove the defendant's intent to commit the crime); *Damren v. State*, 696 So. 2d 709, 711 (Fla. 1997) (concluding evidence of the defendant's prior burglary was relevant to prove that the defendant "possessed the specific intent to commit the [second] burglary"). Furthermore, because the evidence was admissible to prove Petitioner's intent, "there [was] no requirement that the two crimes share unique factors, as there is when the collateral crime

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV.   CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

is introduced to establish identity." *Tannihill*, 912 So. 2d at 3. (citing *Washington v. State*, 737 So. 2d 1208 (Fla. 1st DAC 1999)). Therefore, this claim is denied pursuant to § 2254(d).

1.      The Petition for Writ of Habeas Corpus filed by Antwaune Bell (Doc. 1) is conditionally **GRANTED** as to Petitioner's claim one. The Petition is **DENIED** as to claim two.

2.      Since the jury found Petitioner to be not guilty of the crime charged (burglary of an occupied dwelling), double jeopardy precludes a re-trial of this offense. And, because burglary of a dwelling (as found by the jury) is not an offense under Florida law, Petitioner's conviction of this "crime" cannot stand.

3.      The writ of habeas corpus is conditionally granted, unless within **NINETY (90) DAYS** from the date of this Order, the State of Florida holds a new trial on the lesser included offenses in case number 2009-34040-CFAES.

4.      Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this 21st day of December, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 12/21
Antwaune Bell
Counsel of Record

13